IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SOUTHLAND FORMING, INC.,

     Plaintiff

vs.

ACE AMERICAN INSURANCE CO.,

     Defendant

**10-CV-80391-Zloch-Rosenbaum**

Civil Action No. _____

FILED by  VT  D.C.
ELECTRONIC

**March 15, 2010**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**NOTICE OF REMOVAL**

TO THE CLERK:

  PLEASE TAKE NOTICE that Defendant ACE American Insurance Company ("ACE") hereby removes the above-captioned action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446. In support of this Notice of Removal, Defendant states as follows:

  1. On or about February 19, 2010, plaintiff Southland Forming, Inc. ("Southland") commenced a civil action against ACE by filing a Complaint in the Circuit Court of the 15th Judicial Circuit in Palm Beach County, Florida (the "State Court"). A true copy of the State Court Complaint is attached hereto as Exhibit A. The case is captioned *Southland Forming, Inc. v. ACE American Insurance Co.*, Docket Number 502010CA004505XXXXMB AD.

1

2. The Complaint was served on February 23, 2010 on the Chief Financial Officer of the State of Florida, who forwarded it to ACE on February 25, 2010. A true and correct copy of the Notice of Service of Process signed by the Florida Chief Financial Officer is attached hereto as Exhibit B. Pursuant to § 48.151(3), Fla. Stat., service on ACE was effective on February 23, 2010.

3. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of the service of the Complaint, which was the first pleading setting for the claims for relief against ACE upon which this action is based.

4. Plaintiff Southland is incorporated and has its principal place of business in the state of Florida, and thus is a citizen of that jurisdiction.

5. Defendant ACE is incorporated and has its principal place of business in the Commonwealth of Pennsylvania, and thus is a citizen of that jurisdiction.

6. Diversity of citizenship therefore exists between the Plaintiff and the Defendant.

7. The amount in controversy in this action is in excess of $75,000, exclusive of interest and costs. See ACE's November 24, 2009, Arbitration Clause against Southland (claiming $242,090 in damages).

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

9. This Court has removal jurisdiction over any civil action brought in a state court of which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a).

10. Should Plaintiff file a motion to remand this case, ACE respectfully requests an opportunity to respond more fully in writing.

WHEREFORE, Defendant ACE American Insurance Company respectfully requests that this Court assume jurisdiction over this action as provided by law.

Respectfully submitted,

_____
Valerie Shea, Esquire
Florida Bar No. 436800
Valerie.shea@sdma.com
Veresa Jones Adams
Florida Bar No. 0709301
Veresa.jonesadams@sdma.com
Sedgwick, Detert, Moran & Arnold LLP
2400 East Commercial Boulevard
Fort Lauderdale, FL 33308-4030
(954) 958-2500

Helen Heifets, Esquire
(pro hac vice pending)
Amanda Lanham, Esquire
BAZELON LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102
(215) 568-1155
Attorneys for Defendant

Dated: March 15, 2010

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of March, 2010, a true and correct copy of the foregoing Defendant ACE Insurance Company's Notice of Removal was served upon the following counsel, via First Class Mail:

**Brian S. Fischer, Esq.**
**Brian S. Fischer, P.L.**
**1920 Wekiva Way, Suite 102**
**West Palm Beach, Florida 33411**
**bfischer@premiumdisputes.com**

_____
Valerie Shea
Veresa Jones Adams